UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ANDREA M. KESS,

Plaintiffs,

-against-

**ORDER**
CV 24-6226 (GRB) (AYS)

THE TOWN OF EAST HAMPTON; KATHEE BURKE-GONZALEZ, as Town Supervisor; DAVID LYS, as Council Member; CATE ROGERS, as Council Member; THOMAS FLIGHT, as Council Member; IAN CALDER-PIEDMONTE, as Council Member; MICHAEL D. SARLO, as Chief of Police; CHRISTOPHER ANDERSON, as Captain; DANIEL TOIA, as Lieutenant; GREGORY SCHAEFER, as Lieutenant; CHELSEA TIERNEY, as Lieutenant; WAYNE MATA, as Sergeant; GREGORY MARTIN, as Sergeant; RYAN HOGAN, as Sergeant and RAYMOND RAU, as Police Office, each sued in their official and Individual capacities as employees of the TOWN OF EAST HAMPTON,

Defendants.
-----------------------------------------------------------X
**SHIELDS, Magistrate Judge:**

This is a civil rights action brought under Title VII, 42 U.S.C. § 1983 and the New York Human Rights Law, alleging gender discrimination, hostile work environment, retaliation and equal protection violations. Before the Court is Plaintiff's motion to compel discovery responses to certain document demands. Defendants oppose the motion in all respects. Having reviewed the arguments from both sides, the Court makes the following rulings.

I. Document Demands Nos. 5 and 7

Plaintiff's Document Demand Number 5 seeks "[a]ll documents identifying and relating to each disciplinary action within the East Hampton Police Department from 2015 to present, specifically including the following individuals . . . ." (Docket Entry ("DE") [33-1].) The Demand goes on to list ten officers whose disciplinary records are specifically requested. (Id.) Document Demand Number 7 requests "[a]ll documents concerning any formal or informal disciplinary actions initiated against any employee of the East Hampton Town Police Department from 2015 to present. This includes, but is not limited to, initial complaints, internal reviews, investigative files, findings, disciplinary recommendations, penalties imposed, and final outcomes." (Id.)

Defendants objected to these demands as vague, overbroad, burdensome and irrelevant and produced no documents in response to Document Demand Number 5. With respect to Document Demand Number 7, Defendants relied principally upon Plaintiff's own disciplinary file, adding several isolated pages. (DE [33-2], [33-3].) Defendants further argue that discovery of disciplinary history is limited to conduct similar to the conduct alleged in a plaintiff's complaint, and that, here, there are no allegations in the Complaint that Plaintiff was subjected to disciplinary conduct similar to the records sought from Defendants.

"Plaintiffs are presumptively entitled to discovery of documents on prior complaints and police histories of individual defendants because it could yield relevant information." Gibbs v. City of New York, 243 F.R.D. 95, 96 (S.D.N.Y. 2007) (citing King v. Conde, 121 F.R.D. 180, 198 (E.D.N.Y. 1988)) (additional citation omitted). Whether such complaints are substantiated or unsubstantiated is irrelevant. See id.; see also Saaveddra v. City of New York, No. 19 Civ. 7491, 2021 WL 104057, at *1 (S.D.N.Y. Jan. 12, 2021). The test is whether the disciplinary conduct for which discovery is sought is "similar to the conduct alleged in the complaint." Id.; see also Gibbs, 243 F.R.D. at 96.

Having reviewed Plaintiff's Complaint, the Court finds that there are no allegations that Plaintiff was ever subjected to discipline by the Town of East Hampton or any of the individual Defendants, other than one incident in which she was compelled to write and re-write a memorandum concerning a specific event that occurred. Accordingly, there is no basis for requiring Defendants to produce the broad disciplinary records sought in Document Demands Numbers 5 and 7. Plaintiff's motion to compel is denied with respect to Document Demands Numbers 5 and 7 and Defendants are not required to respond to those Demands any further.

II. Document Demand Number 6

Document Demand Number 6 seeks "[a]ll documents reflecting any complaints, investigations, disciplinary actions, or personnel records involving [the Individual Defendants], including but not limited to performance evaluations, disciplinary history, internal complaints, commendations, training records, and records of any administrative actions or findings." (DE [33-1].) Defendants objected to this Demand yet produced the personnel files of each of the Individual Defendants nonetheless. Plaintiff now takes issue with the manner in which these documents were produced, arguing that Defendants "did not identify which records concern which defendant, which requested category each document answers, whether complete files were produced, or whether responsive records were withheld." (DE [33].) In response, Defendants state that when the documents were produced, the bates range for each officer's personnel files was specified. (DE [34].) Defendants again reiterate the bates range for each Individual Defendant in their opposition to Plaintiff's motion to compel.

Based on the foregoing, the Court finds that Defendants have satisfied their burden of production with respect to Document Demand Number 6. Plaintiff's motion to compel is denied with respect to this Demand and Defendants need not provide any further information.

III. Document Demands Nos. 13, 14, and 23

Document Demand Number 13 requests "[a]ll communications, including emails, between the Town of East Hampton and Arthur Riegel concerning his investigation of Plaintiff's complaints . . . ." (DE [33-1].) Document Demand Number 14 seeks "[a]ll notes, summaries, interview transcripts, or findings created by Arthur Riegel in connection with his investigation related to Plaintiff and/or the Town's [investigation]." (Id.) Finally, Document Demand Number 23 seeks, in part, "[a]ll records, including but not limited to agendas, meeting minutes, transcripts, reports, memos, presentations, notes, communications, and budget or financial documentation from any meeting of the Town Board of the Town of East Hampton between 2015 and the present relating to . . . . (d) The authorization, budgeting, scope, progress, or findings of the [Riegel investigation]." (Id.) Defendants asserted the attorney-client and work product privileges in response to Document Demands Numbers 13 and 14. While Defendants objected to Document Demand Number 23, they nonetheless produced a number of documents. (DE [33-2].) However, Defendants have not produced a privilege log with respect to the foregoing documents.

Plaintiff challenges Defendants' assertion of the attorney-client and work product privileges, arguing that Riegel was "retained to conduct a factual employment investigation" and was not "publicly describe[d] . . . as litigation

counsel retained solely to provide confidential legal advice." (DE [33].) Defendants argue that Reigel was not retained until after Plaintiff filed her discrimination charge with the EEOC, thereby supporting their claim that he was obtained to conduct an investigation in anticipation of litigation, rendering his communications and notes privileged. (DE [34].)

"It is not just communications that are subject to the [attorney-client] privilege. Internal investigation notes and documents also may be privileged." Urthtech LLC v. Gojo Indus., Inc., No. 22-CV-6727, 2024 WL 3989179, at *4 (E.D.N.Y. Aug. 26, 2024) (citing Upjohn Co. v. United States, 449 U.S. 383, 390-91 (1981)). However, to qualify for the privilege, such communications must be "made for the purpose of obtaining or providing legal advice," Favors v. Cuomo, 285 F.R.D. 187, 198 (E.D.N.Y. 2012), and prepared "in anticipation of litigation." Koumoulis v. Independent Fin. Mktg. Group, Inc., 295 F.R.D. 28, 39 (E.D.N.Y. 2013).

Plaintiff's motion to compel is granted to the extent that Defendants are directed to serve Plaintiff with a privilege log with respect to the responsive documents withheld on the basis of privilege in response to Document Demands 13 and 14 within one (1) week of the date of this Order. Upon review of that privilege log, if Plaintiff feels she still has grounds to dispute the privilege designation for any documents described therein, she may renew her motion to

compel within one (1) week of receipt of the privilege log. In all other respects, the motion to compel is denied with respect to Document Demands Numbers 13 and 14.

With respect to Document Demand Number 23, Plaintiff's motion to compel is denied. Defendants produced documents responsive thereto. No further response is required by Defendants.

IV. Document Demand Number 22

Document Demand Number 22 requests "[a]ny and all documents upon which Defendants intend to rely in support of their defenses or in opposition to Plaintiff Andrea M. Kess's claims." (DE [33-1].) Defendants object to the Demand as premature as discovery is still ongoing and Defendants have not fully articulated their defenses yet, particularly in light of the fact that Plaintiff has yet to be deposed. (DE [34].) Defendants' response to the Demand therefore directed Plaintiff to its entire document production. (Id.)

The Court agrees with Defendants. Plaintiff provides no legal authority for why Defendants should do be required to set forth the evidence on which they intend to rely at this juncture in the litigation. The time for such action will be in connection with the creation of the joint pre-trial order or the filing of motions in limine. Plaintiff's motion to compel as to Document Demand Number 22 is denied.

V. Document Demand Number 25

Document Demand Number 25 seeks:

> All documents identifying all East Hampton Police Department employees from 2015 to the present who received or requested investigative or law enforcement training, including but not limited to BCI (Basic Criminal Investigation), FBI (Federal Bureau of Investigation) training, or any comparable courses, seminars, or certifications. For each training program, produce records segmented by year and identify the gender of each employee who requested the training, whether the request was approved or disapproved, the individual(s) who made the decision, the stated reasoning for that decision, and any instances where training was requested but never acted upon. For employees who attended training, identify the type of training received, dates of attendance, whether the training was completed or certified, and any resulting qualifications, commendations, or evaluations.

(DE [33-1].) Plaintiff moves to compel more complete responses to this Demand, asserting that while Defendants did produce documents responsive thereto, they "never stated whether the production includes denied, ignored or unacted-upon requests, gender, decisionmakers, or stated reasons," as requested. (DE [33].) In response, Defendants argue that they produced hundreds of pages responsive to the Demand, bates stamped and sufficiently identified, and that all responsive documents were disclosed. (DE [34].)

Plaintiff's motion to compel with respect to Document Demand Number 25 is denied. Defendants responded to the Demand and produced all documents responsive thereto. As Defendants point out, it is not their job to review the records

demanded, organize them and summarize them for Plaintiff. Their duty is to produce the documents, which they have fulfilled. No further production is required from Defendants.

VI. Plaintiff's Deposition

Despite a discovery deadline of March 18, 2026, which no party sought to extend until after this Court certified discovery as complete, the parties represented to the Court in their within letter motions that Plaintiff has yet to be deposed. The Court finds this incredulous, given that this case commenced in September 2024 and a discovery schedule was set during an initial conference held in March 2025. Despite previously advising the parties that there would be no further extensions of discovery, the Court is constrained to afford one FINAL extension. Accordingly, all discovery, including any expert discovery, shall be completed by November 10, 2026. NO further extensions will be granted.

**SO ORDERED.**

Dated: Central Islip, New York
September 11, 2026

/s/ Anne Y. Shields
ANNE Y. SHIELDS
United States Magistrate Judge